UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMES CHASE, JR., | * | |
| Plaintiff | * | |
| v. | * | Civil Case No. 8:23-cv-231-AAQ |
| J. SMITH, et al., | * | |
| Defendants | * | |

**MEMORANDUM OPINION AND ORDER**

This prisoner's civil rights case arises out of an alleged incident in which correctional officials mistreated Plaintiff James Chase, Jr. because he voiced complaints about the condition of his housing unit. Pending before the Court is Defendants Joseph Smith's, Marco Ward's, Bryan Lee's, Dennis Jones's, and Captain Kellar Covington's Motion to Dismiss. ECF No. 28. The Motion has been fully briefed, and a hearing is not necessary under this Court's local rules. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons discussed below, Defendants' Motion is denied.

**BACKGROUND**

The following facts are set forth in Mr. Chase's Complaint, ECF No. 1, and the Supplement to his Complaint, ECF No. 10.[1] Mr. Chase was incarcerated at the Maryland Correctional Training Center ("MCTC"), a state correctional facility in Hagerstown, Maryland. *See* ECF No. 1, at 3, 7. Mr. Chase alleges that the individuals in his housing unit tasked him with communicating with correctional officers about any problems therein. *Id.*, at 7; ECF No. 10-1, at 2–3. Mr. Chase sent a letter to MCTC's warden on behalf of the men in his housing unit, which expressed their concerns

---

[1] When reviewing a motion to dismiss, the Court accepts all well-pled allegations as true. *Albright v. Oliver*, 510 U.S. 266, 268 (1994).

1

about misconduct by the guards assigned to the prison during the evening shift and requested that the correctional facility replace the guards. ECF No. 1-2. The letter alleged that the guards deprived incarcerated individuals of recreational opportunities, showers, phone calls, and timely medical attention. *Id.* The letter further alleged that the guards spoke in offensive, disrespectful, and provocative terms to incarcerated individuals. *Id.*

Mr. Chase alleges that after he submitted this letter, he was called to meet with Defendant Sgt. Smith, who responded to the letter by calling Mr. Chase a racial epithet and then instructed staff to "lock [Mr. Chase] up." ECF No. 1, at 7. Mr. Chase alleges that correctional staff placed him in isolation without clothing, where he remained for the weekend. *Id.* Mr. Chase further alleges that upon release from isolation, when Defendant Correctional Officer Lee was supervising Mr. Chase's unit, he failed to give Mr. Chase his allotted hour of recreation. *Id.* Mr. Chase alleges that, later, while taking a shower, he told Defendant Correctional Officer Jones that he would not exit the shower until he had an opportunity to speak with a sergeant or lieutenant. *Id.* Defendant Jones allegedly threatened to spray Mr. Chase with mace if he did not exit the shower. *Id.* Mr. Chase alleges that Defendant Jones later followed through on this threat. *Id.*

On January 30, 2023, Mr. Chase filed the Complaint in this case, alleging violations of 42 U.S.C. § 1983 and naming as defendants the Maryland Department of Public and Correctional Services; the MCTC; Correctional Officers Joseph Smith, Marco Ward, Bryan Lee, and Dennis Jones; and Captain Kellar Covington. ECF No. 1, at 2-4. On March 6, 2023, this Court issued an Order dismissing the Maryland Department of Public and Correctional Services and MCTC as defendants. ECF No. 11. On October 5, 2023, the remaining Defendants filed a Motion to Dismiss, arguing that Mr. Chase failed to exhaust his administrative remedies before filing his § 1983 claim and is accordingly barred from asserting his case in federal court. ECF No. 28. Mr.

Chase subsequently changed his address twice, leaving the Court uncertain as to whether he ever received a copy of Defendants' Motion to Dismiss.  *See* ECF Nos. 31, 36, 37.  On February 14, 2024, the Court mailed a copy of Defendants' Motion to Dismiss to Mr. Chase's most recent address, ECF No. 40, and on March 7, 2024, Mr. Chase filed a Response in Opposition to the Motion, ECF No. 41.  The time for a Reply from Defendants has since passed without Defendants having filed any response.  Loc. R. 105.2 (D. Md. 2016).

## LEGAL STANDARD

Fed. R. Civ. P. 12(b) provides that a party may move to dismiss where the plaintiff has "fail[ed] to state a claim upon which relief can be granted."  When ruling on a motion to dismiss, the court considers whether a complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court will consider whether the plaintiff has pled factual content allowing reasonable inferences to be drawn "that the defendant is liable for the misconduct alleged."  *Id.*  The plaintiff need not plead facts that are probable but must present facts showcasing more than a "sheer possibility" that the defendant's conduct is unlawful.  *Id.*  The plaintiff has an obligation to provide more than "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555.  Pleadings that present "no more than conclusions" will not be "entitled to the assumption of truth."  *Iqbal*, 556 U.S. at 679.  Courts must construe a self-represented party's pleadings liberally, though a "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure."  *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

## ANALYSIS

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, requires incarcerated individuals to exhaust available administrative remedies before filing any action under federal law with respect to confinement.  *See* 42 U.S.C. § 1997e(a).  Exhaustion under the PLRA compels "prisoner[s] confined in any jail, prison, or other correctional facility," *id.*, to "complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."  *Woodford v. Ngo*, 548 U.S. 81, 88 (2006).  This requirement is designed to ensure that the agency is given the opportunity to address all issues on the merits prior to the incarcerated individual filing suit.  *See id.* at 93.  Exhaustion is mandatory, and "a claim which has not been exhausted may not be considered by this [C]ourt."  *Phillips v. Stouffer*, No. DKC-13-823, 2014 WL 199023, at *2 (D. Md. Jan. 16, 2014) (citing *Jones v. Bock*, 549 U.S. 199, 220 (2007)).

Defendants argue that Mr. Chase is precluded from asserting his claims in federal court because he failed to first exhaust his administrative remedies as the PLRA requires.  ECF No. 28-2, at 4.  Defendants explain the exhaustion procedures that prisoners at MCTC are required to follow when reporting a grievance, *id.* at 5–7, and argue that Mr. Chase did not follow the applicable procedures before filing this lawsuit.  *Id.* at 7–8.  In opposition to Defendants' Motion to Dismiss, Mr. Chase argues that the PLRA's exhaustion requirement does not bar his claim because he was not a "prisoner" within the meaning of the PLRA at the time he filed this lawsuit.  ECF No. 41, at 1–2.

A "prisoner" under the PLRA is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  42 U.S.C. § 1997e(h).  "A former prisoner who has been released is no longer considered incarcerated

or detained for the purposes of this section." *Holland v. Prince George's Cnty., Md.*, No. DKC-09-2737, 2011 WL 530559, at *3 (D. Md. Feb. 8, 2011) (citing *Cofield v. Bowser*, 247 Fed. App'x 413, 414 (4th Cir. 2007)). A plaintiff's status at the time they file their complaint is determinative as to whether the PLRA's exhaustions requirement applies. *Id.* (citing *Cofield*, 247 Fed. App'x at 414). Because "[f]ailure to exhaust administrative remedies is an affirmative defense," the defendant bears the burden to show that the defense applies, including showing that the plaintiff was a prisoner at the time they filed the complaint. *Id.*

Here, Defendants have presented no evidence that Mr. Chase was a prisoner at the time he filed his Complaint. Mr. Chase asserts that he was not incarcerated when he filed his Complaint. ECF No. 41, at 1–2. Indeed, Mr. Chase's Complaint lists a private address in Waldorf, Maryland. ECF No. 1, at 2. Moreover, in his application to proceed in forma pauperis, Mr. Chase stated that he was "just coming home," providing further support for the assertion that Mr. Chase was not incarcerated at the time he filed his Complaint. ECF No. 3, at 5. Defendants have failed to present any evidence to the contrary, and thus, have not met their burden to show that the PLRA's exhaustion requirements apply to Mr. Chase. *See Holland*, 2011 WL 530559, at *3 (holding that the defendant did not meet their burden to show the exhaustion requirement applied because it "presented no evidence that [the p]laintiff was a prisoner at the time he filed his complaint" and the plaintiff listed a private address in his complaint). Accordingly, the Court will not dismiss Mr. Chase's claims for failure to exhaust administrative remedies.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is DENIED. The parties shall file a proposed scheduling order within fourteen days or file a Joint Status Report stating why such an order is inappropriate at this time.

Date: April 1, 2024                                              /s/
                                                                                                 Ajmel A. Quereshi
                                                                                                 U.S. Magistrate Judge